UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

SHAUN PATRICK FRY                                                        PLAINTIFF

v.                                              CIVIL ACTION NO. 5:20-CV-5-TBR

STEVE LAMB et al.                                                  DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Shaun Patrick Fry, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action by filing a complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1] For the following reasons, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is housed at Center Point Recovery Center. He names as Defendants Steve Lamb, an attorney, and Kevin Etheridge, a probation officer with the Kentucky Department of Corrections, in his official capacity. He states that he believes he was sanctioned twice for the same probation violation in violation of Kentucky state law and the constitutional prohibition against double jeopardy. He states that he informed his attorney, Defendant Lamb, but that Defendant Lamb ignored him. He also states that he made numerous attempts to inform Defendant Etheridge but Defendant Etheridge also refused to do anything about it.

As relief, Plaintiff asks for monetary and punitive damages and "release off probation."

---

[1] After this action was filed, Plaintiff filed another action which the Court ordered to be consolidated with this one. Therefore, the Court will consider both Plaintiff's original complaint (DN 1) and the amended complaint (DN 5) on initial review.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claim against attorney***

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.");

*Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff fails to state a claim under § 1983 against Defendant Lamb regarding any performance of a traditional lawyer function, such as determining what motions to file. The federal claim against the Defendant Lamb will be dismissed for failure to state a claim upon which relief may be granted.

*Claim against probation officer*

Plaintiff names Defendant Etheridge in his official capacity. A probation officer is a state employee and therefore a suit for damages against him in his official capacity must be dismissed because state officials sued in their official capacities for damages are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, state officials sued in their official capacities are not "person[s]" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Moreover, even had Plaintiff named Defendant Etheridge in his individual capacity, such claim would be subject to dismissal. A probation officer performing duties to ensure that a probationer is complying with the terms of probation and evaluating that compliance is entitled to absolute, quasi-judicial immunity from liability in a civil-rights action. *See Loggins v. Franklin Cty., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Timson v. Wright*, 532 F.3d 552,

552 (6th Cir. 1976) (per curiam). Plaintiff's complaint regarding Defendant Etheridge concerns his performance of his duty as a probation officer. As such, Plaintiff's claims against Defendant Etheridge must be dismissed.

### *Request for release from probation*

Plaintiff's request for release from probation is not an available remedy under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Woods v. Young*, No. CIV.A. 2:14-10995, 2014 WL 1031868, at *2 (E.D. Mich. Mar. 14, 2014) ("A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is therefore the proper avenue for plaintiff to challenge the revocation of . . . parole.") (citing *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003)).

Consequently, Plaintiff's claim for equitable relief relating to release under § 1983 will be dismissed.

### *State-law claims*

Because Plaintiff's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, pro se
       Defendants
4413.009